

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

September 7, 1961

Honorable Ward W. Markley     Opinion No. WW-1136
County Attorney
Jasper County              Re:   Whether Article 6573a,
Jasper, Texas                    Vernon's Civil Statutes,
                                    would require the
                                      Chamber of Commerce of
                                      Jasper, Texas, to obtain
                                      a real estate license
                                      before it could handle
                                      real estate listings
                                      for rentals and sale
Dear Mr. Markley:             of property.

        Your request for an opinion concerns the Chamber
of Commerce of the City of Jasper, Texas, which has from
time to time provided real estate listings for its members
and other citizens of the City. You state that the Chamber
of Commerce does not receive any direct compensation for
this service; that any benefit accruing in favor of the
Chamber of Commerce is in the form of "good will" resulting
from the operation of the listing service for the benefit
of the community without charge.

        In view of the foregoing circumstances, you ask
whether Article 6573a, Vernon's Civil Statutes, would require
the Chamber of Commerce to obtain a real estate license
before it could provide real estate listings for both the
sale and rental of real estate.

        Article 6573a is known as the Real Estate
License Act. Section 3 of Article 6573a requires that a
real estate broker or real estate salesman obtain a
license. This Section of the Act provides as follows:

        "From and after the effective date
of this Act it shall be unlawful for any
person, partnership, association or corp-
oration to engage in or carry on directly
or indirectly, or to advertise or hold
himself, itself, or themselves out as
engaging in, or carrying on, the business,
or to perform any act of a Real Estate
Broker or a Real Estate Salesman, as here-

in defined, within this State, without
first obtaining a license as a Real Estate
Broker or Real Estate Salesman as provided
for in this Act."

Section 4, Article 6573a of the Real Estate License
Act is entitled "Definitions." The term "Real Estate
Broker" is defined in paragraph (1) as follows:

"The term 'Real Estate Broker' shall
mean and include any person who, for another
or others and for compensation or with the
intention or in the expectation or upon the
promise of receiving or collecting compensa-
tion:"

Here follows an alphabetical listing of specific acts which
constitute brokerage. The two provisions most pertinent
to our discussion are set out below:

". . .

"(d) Lists or offers or attempts or
agrees to list real estate for sale, rental,
lease, exchange or trade;

". . .

"(j) Procures or assists in the pro-
curing of prospects, calculated to result
in the sale, exchange, leasing or rental of
real estate; . . ."

Also Paragraph 6 of Section 4 defines the word
"person" to "mean and include any individual, firm, partner-
ship, association or corporation." (Emphasis added.) The
Chamber of Commerce would be a person as per the definition
above, for it is clearly an association. Black's Law
Dictionary, Fourth Edition, defines the term "association"
as follows:

". . . It is a word of vague meaning
used to indicate a collection of persons who
have joined together for a certain object.
. . ."

In addition, Paragraph 5 of Section 4 defines the
word "compensation" as follows:

"The word 'compensation' shall mean
and include any fee, commission, salary,
money or valuable consideration, as well
as the promise thereof and whether contin-
gent or otherwise."

The Chamber of Commerce of Jasper has never received
any payment of money or other valuable consideration for the
service of securing prospects and listing property. The
only benefit, if any, the Chamber of Commerce derives from
providing this service is the good will it acquires for
itself from the community. The value of this good will in
this instance is impossible to assess and translate into
a money consideration as it is contemplated by the defini-
tion of compensation.

Finally, Section 6 of the Act is entitled "Exemptions."
Paragraph 1 of this Section contemplates the following wording:

"The provisions of this Act shall
not apply to the advertising, negotia-
tion or consummation of any purchase,
sale, rental or exchange of, or the
borrowing or lending of money on, real
estate by any person, firm, or corpora-
tion when such person, firm or corpora-
tion does not engage in the activities
of a Real Estate Broker as an occupation,
business or profession  on a full or
part-time basis."

Black's Law Dictionary, Fourth Edition, states that
the term "business" embraces the following:

a) "Activity or enterprise for gain,
    benefit, advantage or livelihood."

b) ". . . employment, occupation or pro-
    fession for gain or livelihood."

As herein discussed, if the Chamber of Commerce
gains or otherwise benefits from securing prospects and
listing property for real estate transactions, it is
intangible in nature and not in the monetary sense as the
Act contemplates.

Thus, it is our opinion that the Chamber of Commerce
of Jasper, Texas, although it secures prospects and lists
property for real estate transactions, is not a real estate
broker as defined by the Real Estate License Act. This is

because the Chamber of Commerce does not receive any compensation for this service as the term is defined in the Act. Therefore, it is our opinion that the Chamber of Commerce of the City of Jasper, Texas, is not required and is exempt from having to obtain a real estate license under the facts presented.

S U M M A R Y

The Chamber of Commerce of Jasper, Texas, may handle real estate listings for the sale and rental of property, and it is not required and is exempt from having to obtain a real estate broker's license under Article 6573a, Vernon's Civil Statutes.

Yours very truly,

WILL WILSON
Attorney General of Texas

IRWjr:mm:lgh

By _I. Raymond Williams, Jr._
I. Raymond Williams, Jr.
Assistant

APPROVED:

OPINION COMMITTEE
W. V. Geppert, Chairman

William E. Allen
Gordon C. Cass
Robert T. Lewis
Jack Goodman

REVIEWED FOR THE ATTORNEY GENERAL
BY: Howard W. Mays